LILLIAN KAPLAN et al., Respondents, et al., Plaintiff, *v.* CITY OF NEW YORK, Appellant, et al., Defendant.

First Department, November 25, 1958.

*Eugene J. Keefe* of counsel (*Seymour B. Quel* with him on the brief; *Peter Campbell Brown, Corporation Counsel,* attorney), for City of New York, appellant.

*Isidor Enselman* of counsel (*Louis Solomon* with him on the brief; *Louis Solomon,* attorney), for Lillian Kaplan, respondent.

*Jacob D. Fuchsberg* of counsel (*Abraham Fuchsberg* and *B. Hoffman Miller* with him on the brief; *Jacob D. Fuchsberg,* attorney), for Bobbie Green and others, respondents.

*Per Curiam.* Plaintiffs, passengers in a private taxicab, owned and operated by one Lomio, sue the defendants City of New York and Lomio for personal injuries arising out of the collision of the taxicab with a pillar supporting an elevated rapid transit railroad overpass on Baychester Avenue in The Bronx. The city appeals from the judgment and verdict at Trial Term in favor of the plaintiffs against it. The judgment following the verdict, also gave judgment in favor of the city against Lomio, as plaintiff, on his claim to recover for personal injuries and property damage. Lomio, however, has not appealed either in his capacity as plaintiff or codefendant.

The judgment, insofar as appealed from, should be reversed, the verdict set aside, and a new trial granted.

The judgment insofar as it relates to Lomio establishes his negligence in the operation of the vehicle. Plaintiffs seek to hold the city as a contributing tort-feasor on the theory that it maintained the pillar in question in such a negligent manner as to permit it to become a trap for even careful drivers. There was testimony by several witnesses that the pillar was covered with dirt; that the lighting at the scene of the accident was inadequate; that the pillar was not marked in accordance with the provisions of the Administrative Code (§ 82d7–22.0); and that the pavement surrounding the pillar was broken and in need of repair. This testimony raised questions of fact as to the dangerous condition of the pillar.

However, plaintiffs, in order to establish the existence of a dangerous condition as a contributing or concurrent cause, and to charge the city with notice thereof, offered proof of various prior vehicle accidents which had occurred at the very pillar

involved in this case. In several instances this testimony was received without proof of the conditions prevailing at the time of the earlier accidents. In other instances consequences of the accident were developed going beyond, prejudicially, the exigencies of the rule allowing proof of prior accidents. The introduction of this testimony was improper and requires a reversal of the judgment.

It is well settled that proof of prior accidents may be received to demonstrate that a condition is dangerous or that a defendant had notice thereof (*Annino* v. *City of Utica*, 276 N. Y. 192; *Gastel* v. *City of New York*, 194 N. Y. 15; 2 Wigmore, Evidence, §§ 458, 442, 252; 65 C. J. S., Negligence, § 234; cf. *Masciarelli* v. *Delaware & Hudson R. R. Co.*, 178 Misc. 458). It is not proper, however, to offer such testimony unless it is first shown that the circumstances attending the earlier accidents were sufficiently similar to the relevant conditions prevailing at the time of the later accident. (See, e.g., *Brady* v. *Manhattan Ry. Co.*, 127 N. Y. 46; *Hanselman* v. *Broad*, 113 App. Div. 447; Richardson, Evidence [8th ed.], § 201.) The relevancy of the conditions is determined by the issues as presented in the case. When such similarity has been first shown, the proof of prior accidents has sufficient probative value to justify its admission as another species of circumstantial evidence. The requisite similarity was not established here.

On retrial of this action plaintiffs may introduce proof of earlier accidents at the same location to demonstrate that the pillar was in fact an unreasonable hazard. Such proof must be accompanied, however, by a showing of the relevant conditions — of time, weather, condition of pavement, etc., prevailing at the time of the earlier accidents, if the city is to be held liable as a contributing tort-feasor in the face of the established negligence of the taxicab driver.

Accordingly, the judgment should be reversed, and the verdict set aside, insofar as appealed from, on the law and on the facts, and, in the exercise of discretion, a new trial granted, with costs to defendant-appellant.

BREITEL, J. P., M. M. FRANK, VALENTE, McNALLY and STEVENS, JJ., concur.

Resettled judgment so far as appealed from unanimously reversed and the verdict set aside, on the law and on the facts, and, in the exercise of discretion, a new trial granted, with costs to defendant-appellant.