139 So.2d 494 (1962)
Richard SIMPSON, Individually and As a Partner, and N.D. Simpson, Individually and As a Partner, D/B/a Simpson Motors, a Co-Partnership, and Albert Smith, Appellants,
v.
Donald R. CLAY, a Minor, by R.M. Clay, His Next Friend, and R.M. Clay, Individually, Appellees.
No. 2423.
District Court of Appeal of Florida. Second District.
March 21, 1962.
Rehearing Denied April 11, 1962.
Monroe E. McDonald, Sanders, McEwan, Schwarz & Mims, Orlando, for appellants.
Charles M. McCarty, of McCarty & Bates, and Linton S. Waterhouse, Orlando, for appellees.
PER CURIAM.
The defendants have appealed an order which granted co-plaintiff Donald R. Clay, a minor, a new trial on the ground that the verdict was grossly inadequate and shocking to the judicial conscience. The case was tried before a jury on the issues of negligence and contributory negligence and resulted in a $6,000.00 award to the said minor plaintiff and $951.18 to his father. The new trial was granted as to the minor plaintiff, and this is assigned as error.
The minor plaintiff was injured in a collision between the truck he was driving and an automobile owned by defendant Simpson Motors driven by an employee, co-defendant Albert Smith. Young Clay was seventeen years of age at the time of the collision which crushed his left foot and left him with other injuries. The evidence indicated that he had severe pains in his back and foot for several months. He was hospitalized for twenty-eight days, during which time *495 surgical pins were placed in his foot. After three weeks, due to inadequacy of the blood supply in his foot, his big toe and a section of bone were removed. This left him with a marked limp and a consequent painful back condition. There was medical testimony that the injuries would affect his ability to engage in manual or labor-type work. He had been working in the upholstery business for his father when not actually in school. The mortality table indicated a life expectancy of approximately forty-three years.
The plaintiff was confined to bed at home for three weeks after his discharge from the hospital. He later used a wheel chair for three months and was on crutches for a month and a half. At the time of the trial he was using a cane "every once in awhile" when his pains returned. He could do no work requiring stooping or bending.
In these circumstances we find nothing which requires us to conclude that the trial judge clearly abused his discretion when he granted the motion for a new trial on grounds that the damages awarded were grossly inadequate and that the judicial conscience was accordingly shocked. See Kraus v. Osteen, Fla.App. 1962, 135 So.2d 885.
A stronger showing is required to upset an order granting than an order denying a motion for a new trial. See Cloud v. Fallis, Fla. 1959, 110 So.2d 669, 673. In Utley v. Southern Metal Products Co., Fla. App. 1959, 116 So.2d 28, this court held that an award of $5,000.00 for a housewife with a life expectancy of 17.78 years who had suffered head, arm, hip and knee injuries, resulting in permanent disabilities, was inadequate. See 9 Fla.Jur., Damages, § 100.
Affirmed.
ALLEN, Acting C.J., and KANNER and WHITE, JJ. concur.