PER CURIAM.
Appellants, defendants in a personal injury action, seek review of an order granting a new trial which contained several grounds, one of which was: “ * * * that the Plaintiffs did not receive a fair and impartial trial from a fair and impartial jury, and that the jury was swayed by outside influence [1] beyond the control of the Court. This was recognized in the context of the adversary proceedings and the oversight in not specially charging the jury must be considered as being prejudicial error.”
 Appellate courts are much more reluctant to interfere with an order granting a new trial than an order denying a new trial. See: Cloud v. Fallis, Fla.1959, 110 So.2d 669; Simpson v. Clay, Fla.App.1962, 139 So.2d 494. If the order is sustainable on any ground, it should not be interfered with. See: State Plant Board v. Smith, Fla.1959, 110 So.2d 401; Berkman v. Miami National Bank, Fla.App.1962, 143 So.2d 535. It is apparent that the newspaper which was found in the jury room during the course of the trial in this cause could have contaminated the jury, and we will not interfere with the discretion of the trial judge in granting a new trial on this ground because of his failure to instruct in this regard. See: Ridarsick v. Amirkanian, Fla.App.1962, 147 So.2d 580.
Affirmed.

. To wit: a newspaper found in the jury room during the trial, which contained an inflammatory headline and- article which would tend to be detrimental to persons seeking recovery in personal injury actions in Dade County, Florida.