■ RICHARD D. KUSISTO, an Infant, by DEAN R. KUSISTO, His Parent, et al., Respondents, v MICHAEL J. McLEAN et al., Appellants.—Appeal from (1) a judgment of the Supreme Court, entered May 12, 1975 in Greene County, upon a verdict rendered at a Trial Term and (2) orders of said court, entered May 15, 1975, which denied defendants' motions to set aside the verdict. During the evening of September 22, 1972, the infant plaintiff Richard Kusisto was operating his motorcycle on the Schoharie Turnpike Road in Greene County when he was struck by a car owned by Ford Marketing Corporation, apparently leased to R. C. Lacy, Inc., and operated by Michael J. McLean. As a result of this accident, the plaintiff received a myriad of injuries including fractures of the spinal process, contusions of the kidney and bladder and such crushing injuries to the left leg, knee and foot that

the limb had to be amputated at the level of the midthigh. As a further result, the plaintiff is completely disabled from pursuing his chosen endeavor and, in fact, from performing any activity which requires mobility because of the inability of the stump to tolerate but a minimum of pressure. Other residuals combine to deny him escape from pain, discomfort and disability. This plaintiff, 18 years of age, with a life expectancy of 51.9 years, possessed qualities which portended a bright future for him. Liability was conceded on the eve of trial and Richard's personal injury action and his father's derivative cause proceeded to trial, solely upon the issue of damages. At the very conclusion of his closing remarks in summation, plaintiffs' trial counsel commented as follows: "Mr. Steenbergh, as a competent and respected member of the Bar of this community, as this boy's lawyer, has asked for $750,000 for this boy and on the evidence which has been presented here I agree with him. It isn't any binding figure on you people. It is within your province to do what you feel is right." Timely objection was made and an exception taken to the court's denial of a motion for a new trial. The jury returned a verdict for Richard Kusisto in the sum of $510,000 and awarded his father $32,500. Defendants here appeal, contending that the challenged remarks were designed to improperly influence the jury and constituted reversible error and that the verdicts were excessive. It is readily apparent that by his remarks plaintiffs' trial counsel, after revealing the amount contained in the *ad damnum* clause, went further and proceeded not only to make himself and retained counsel unsworn witnesses, but rendered "opinion testimony" concerning a matter which was not and could not be in evidence, that is, the amount of the damages sustained by the plaintiffs (see, generally, Richardson, Evidence [10th ed], § 364, subd [n]; § 384; NY Damages Law, § 265). While such a procedure might well constitute reversible error in most instances, we find that result unnecessary under the circumstances of this case. It is noted that immediately after uttering the complained of remarks, trial counsel hastened to alert the jurors to the fact that his opinion was in no way binding upon them and that the amount of the verdict was within their sole province. Moreover, the Trial Judge, at the beginning of his charge and in obvious reference to counsel's remarks, instructed the jury: "Suffice it to say that the dollar and cents verdict is for you to determine and *not for anyone to name for you*". (Emphasis added.) In addition, the court clearly and correctly charged as to the issue of damages, repeatedly instructing the jurors that the amount of damages was for their determination and theirs alone. We conclude, however, that the verdicts are excessive and, while any one of several other reasons may well have been the cause of the excessive verdicts, short of engaging in speculation and conjecture, we cannot determine that the challenged remarks did not, in some manner or degree, contribute to that excessiveness, in spite of the corrective action taken. Nevertheless, under the unusual and peculiar circumstances presented by this case and since the only issue is one of damages, unconditioned reversal does not seem to be required. Referring to the derivative action of Dean Kusisto, the verdict is clearly excessive. Since the medical bills approximated $13,000, simple arithmetic reveals that the jury awarded almost $20,000 for the loss of the infant's services alone for a period of less than two years. The record in no way supports such an award, and a verdict of $16,000 would be fair and adequate. Turning to the personal injury verdict for the infant plaintiff, we conclude that, while the injuries are extremely serious and result in marked permanent but not total disability, the verdict is disproportionate and beyond a reasonable basis. We would observe that a figure of $400,000, less

the expenses of the concluded trial and other necessary costs, would provide a remainder that, prudently invested and carefully supervised, would provide this infant with an annual income somewhat near what he would have earned had he been able to pursue his chosen work. Such a result would seem fair and reasonable. Judgment modified, on the law and the facts, and a new trial of both the derivative cause of action and the personal injury cause of action ordered as to the issue of damages only, unless, within 20 days after the service of a copy of the order to be entered hereon, the plaintiff Dean Kusisto shall stipulate to reduce the amount of the verdict in his favor to $16,000 and the plaintiff Richard Kusisto shall stipulate to reduce the amount of the verdict in his favor to $400,000, in which event the judgment, as so reduced, is affirmed, with costs to plaintiffs. Greenblott, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.