■ JAMES E. PRATT, an Infant, by ROSEMARIE PRATT, His Mother, et al., Respondents, v SUSQUEHANNA VALLEY CENTRAL SCHOOL DISTRICT AT CONK-

LIN, Defendant-Appellant and Third-Party Plaintiff. WILLIAM YELVERTON, Third-Party Defendant.—Appeal from an order of the Supreme Court, entered November 25, 1975 in Broome County, which granted plaintiffs' motion to set aside the verdicts in favor of plaintiff rendered at a Trial Term and granted a new trial upon the issues of damages only, unless the defendant stipulated to increase the verdict for the plaintiff James E. Pratt to the sum of $35,000. The infant plaintiff's action is one for personal injuries based on the alleged negligence of the defendant school district. After a trial, the jury awarded him $26,600 and his mother in her derivative action $7,500. The trial court granted plaintiff's motion to set the verdicts aside and for a new trial on the issues of damages only, unless defendant stipulated to increase the verdict for the infant plaintiff to $35,000. This appeal ensued and the sole issue presented is whether the trial court abused its discretion in setting the verdict aside. The trial court may, in its discretion, conditionally set aside a verdict if it deems the verdict to be either excessive or inadequate (Garfield v Stolz, 32 AD2d 835). This court will not disturb such determination unless it is not reasonably grounded (Kielman v Enterprise Stores, 38 AD2d 629). Each case must be assessed on its own peculiar facts and circumstances. Consequently, prior decisions involving somewhat different injuries and circumstances are of little assistance. The record demonstrates that the infant plaintiff, age 15, was seriously and permanently injured. Specifically, the record reveals that he sustained a fracture of the right femur; that he experienced considerable pain; that a pin was inserted through the right tibia and he was in traction for approximately five weeks; that he was in a body cast for some 13 weeks during the summer months; that there is a permanent scar about the size of a half dollar just below the right knee, that there is a permanent shortening of three quarters of an inch of the right leg, necessitating wearing a one-half inch lift on the right heel; that there is medical testimony of a possible increase in the leg length discrepancy, together with atrophy of the thigh; that plaintiff walks with a limp; that the special damages approximate $6,000. Considering this record in its entirety and particularly in light of the present value of the dollar, we are unable to say that the determination of the trial court was unreasonably grounded (Hussey v Oneida Motor Frgt., 30 AD2d 741). The order, therefore, must be affirmed. Order affirmed, with costs. Koreman, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.