(June 9, 1977)

■ ETTORE TOMASSI et al., Respondents, v TOWN OF UNION, Appellant. (Action No. 1.) ETTORE TOMASSI et al., Respondents, v LOUIS FORBIDUSSI et al., Appellants. (Action No. 2.) ROBERT CORWIN et al., Respondents, v MARGARET TANZINI et al., Appellants. (Action No. 3.) ROBERT CORWIN et al., Respondents, v LOUIS FORBIDUSSI, Appellant. (Action No. 4.) LOUIS FORBIDUSSI et al., Appellants, v MARGARET TANZINI et al., Respondents. (Action No. 5.)—Appeals from judgments of the Supreme Court, entered June 23, 1975, June 27, 1975, August 4, 1975 and August 13, 1975 in Broome County, upon verdicts rendered at a Trial Term in favor of plaintiffs Tomassi and Corwin and against plaintiff Forbidussi. On September 24, 1972 an automobile operated by Margaret Tanzini collided with one operated by Louis Forbidussi in which Ettore Tomassi and Robert Corwin were riding as passengers. The Town of Union was involved as a defendant in the ensuing actions upon the theory that the absence of adequate shoulders and the presence of a deep drainage ditch adjacent to its roadway at the situs of the initial mishap had caused the Forbidussi vehicle to leave the highway and strike a sluice pipe protruding into the ditch from under an adjoining driveway. It was claimed that this second impact caused a substantial portion of the personal injuries sustained as a result of the accident. The passengers sued both drivers and the Town of Union; Forbidussi sued Tanzini and the Town of Union and, while no formal order of consolidation was entered, all actions were jointly tried. The jury returned substantial verdicts in favor of both passengers in their individual and derivative causes of action against all defendants and, at the same time, pronounced a verdict of no cause for action on Forbidussi's claims as a plaintiff. Separate judg-

---

* See *Acciavatti v Levitt* (57 AD2d 131), concerning amendment of section 363-a by section 1 of chapter 967 of the Laws of 1974 However, the parties agreed that the statute in effect at the time of the application for benefits in August, 1972 is applicable to the facts in the present case.

ments were entered in accordance with its decision from which Tanzini, Forbidussi and the Town of Union now appeal. As one might expect, a multitude of issues are raised by the various parties on this appeal, but we note at the outset that the liability of the respective operators stands clearly established. The jury resolved the conflicting factual versions presented by these parties and its determinations should not be disturbed. Moreover, liability on the part of the Town of Union was also based upon sufficient and probative expert testimony. While the verdicts rendered were large, they were not excessive. The trial court's refusal to set them aside was a valid and reasonable exercise of its discretion (*Kielman v Enterprise Stores,* 38 AD2d 629) and the amounts thereof do not shock the conscience of this court (*Rice v Ninacs,* 34 AD2d 388; *Laranjo v Malik,* 11 AD2d 863). Turning to more specific contentions, the Town of Union maintains that reversible error was committed when the court admitted into evidence, over its objection, proof of a prior accident near the area in question under conditions not the same as those prevailing at the time of the accident at bar (*Flansburg v Town of Elbridge,* 205 NY 423). We reject this argument. While the road conditions were somewhat dissimilar, the physical condition of the ditch had remained unchanged. In applying the rule allowing proof of a prior happening, it is only necessary that the *relevant* conditions be shown to be similar to those existing at the time of the accident in question (see *Jasinski v New York Cent. R. R.,* 21 AD2d 456; *Kaplan v City of New York,* 6 AD2d 489). The only other matter worthy of comment is the assertion by the attorney for the insurance carrier representing Forbidussi as a defendant that he was denied a substantial right in not being permitted to make opening and closing statements. An examination of the record discloses that he did participate in the cross-examination of various witnesses and that the efforts of the private attorney for Forbidussi as a plaintiff to show his freedom from contributory negligence further protected his interests as a defendant. Forbidussi's rights as a plaintiff and as a defendant were not so "separate" as to mandate individual addresses by each of his attorneys (CPLR 4016; 4 Weinstein-Korn-Miller, NY Civ Prac, par 4016.03). A trial involving multiple parties and actions dictates that a court exercise discretion to assure that a speedy and unprejudiced resolution of all matters in issue is achieved with a minimum of confusion and duplication of effort. In this regard, the trial court acted within the discretionary powers vested in it and its action worked no prejudice to any of the parties (*Martin v Marshall,* 25 AD2d 594, mot for lv to app den 18 NY2d 579; CPLR 4011, 4 Weinstein-Korn-Miller, NY Civ Prac, par 4011.05). Judgments affirmed, with costs. Koreman, P. J., Kane and Mahoney, JJ., concur; Sweeney and Larkin, JJ., dissent and vote to reverse in the following memorandum by Sweeney, J. Sweeney, J. (dissenting). In our view it was reversible error for the court to receive proof of the prior accident and, therefore, we vote to reverse. It is well established that proof of prior accidents is admissible to demonstrate that a condition is dangerous or that defendant had notice thereof (*Annino v City of Utica,* 276 NY 192). It is equally well established that the circumstances attending the earlier accidents must be sufficiently similar to the relevant conditions prevailing at the time of the later accident (*Kaplan v City of New York,* 6 AD2d 489). In the instant case the two vehicles involved in the accident were proceeding in opposite directions and collided, causing the Forbidussi vehicle to leave the highway, go into the ditch and strike a sluice pipe protruding therein. The prior accident, on the other hand, involved a dump truck which was backing up on a snowy, slippery road when it fishtailed into the ditch and

tipped over. The truck also hit a tree but not the sluice pipe. It is readily apparent from a recitation of the facts that these two accidents occurred under conditions and circumstances wholly dissimilar. The proof, therefore, had no probative value and was highly prejudicial to the defendant town and should have been excluded.