■ JAMES E. PRATT et al., Respondents, v SUSQUEHANNA VALLEY CENTRAL SCHOOL DISTRICT AT CONKLIN, Appellant.—Appeal from a judgment of the Supreme Court, entered May 31, 1977 in Broome County, upon verdicts rendered at a Trial Term in favor of the plaintiffs. Plaintiff, James E. Pratt, was injured as a student at Susquehanna Valley Central School while participating in a practice session of the junior high track team. The action was previously tried on the issues of liability and damages, and the jury rendered a verdict in favor of plaintiff, James E. Pratt, in the sum of $26,600 and in favor of his mother in the sum of $7,500. The trial court granted plaintiffs' motion to set the verdicts aside and for a new trial on the issues of damages only, unless defendant stipulated to increase the verdict for the infant plaintiff to $35,000. Defendant refused to so stipulate and appealed to this court which affirmed the order of the trial court *(Pratt v Susquehanna Val. Cent. School Dist. at Conklin,* 55 AD2d 713). In its decision this court found that the infant plaintiff was seriously and permanently injured stating (p 714): "Specifically, the record reveals that he sustained a fracture of the right femur; that he experienced considerable pain; that a pin was inserted through the right tibia and he was in traction for approximately five weeks; that he was in a body cast for some 13 weeks during the summer months; that there is a permanent scar about the size of a half dollar just below the right knee, that there is a permanant shortening of three-quarters of an inch of the right leg, necessitating wearing a one-half inch lift on the right heel; that there is medical testimony of a possible increase in the leg length discrepancy, together with atrophy of the thigh; that plaintiff walks with a limp; that the special damages approximate $6,000." The proof presented at the second trial was substantially the same as that given at the first trial with the exception that the shortening of the right leg was one inch rather than three-quarters of an inch, necessitating wearing a three-quarter inch lift rather than a one-half inch lift. Defendant contends that the verdicts were excessive; that the remarks of plaintiffs' counsel on the *voir dire* were improper; and that the trial court incorrectly charged the jury concerning damages. The jury's verdicts in the second trial were in the sum of $125,000 for the plaintiff, James E. Pratt, and in the sum of $15,000 for the plaintiff, Rosemarie Pratt. Considering the total injuries, the long periods of disability accompanied by severe pain and suffering, and the permanent condition of the shortening of the right leg and permanent limp, we cannot say that the verdict in favor of James E. Pratt was excessive as a matter of law or that it was "so disproportionate to the injury that it is not within reasonable bounds" *(Tomassi v Town of Union,* 58 AD2d 670; *Torres v City of New York,* 58 AD2d 647; *Rice v Ninacs,* 34 AD2d 388). The trial court's refusal to set aside the verdict in favor of James E. Pratt was a valid and reasonable exercise of discretion *(Kielman v Enterprise Stores,* 38 AD2d 629). Referring to the derivative action of Rosemarie Pratt, the verdict should be reduced. Since the medical bills approximated $6,000, the jury awarded $9,000 for the loss of infant's services for a period of less than one year. The record in no way supports such an award, and a verdict of $9,000 would be fair and adequate *(Kusisto*

*v McLean*, 52 AD2d 674). Plaintiffs' counsel told the first six jurors in the box that "This is a suit for $200,000". Defendant's counsel objected to specific questions about what the jury might do and to any reference to a verdict in six figures. The trial court overruled the objections, but did rule that the *voir dire* be recorded. The jurors were examined individually, and defendant's counsel inquired if they would return a verdict of a substantial sum of money if the facts called for it. The trial court presided over the *voir dire* and, after the original objection, the defendant's counsel made no motions or objections with relation to plaintiffs' examination of the individual jurors. An examination of the record of the *voir dire* and the summation results in an opinion that there was no improper conduct prejudicial to the defendant. In addition, there was no reversible error in the trial court's charge to the jury. The court charged on the issue of damages that the jury was not bound "by stated claims or amounts articulated here by counsel" and further that "the allegations in the complaint as to the amount claimed is not evidence and shouldn't be considered as evidence in fixing damages". The jury was thoroughly and explicitly charged as to their responsibility in assessing damages. Judgment modified, on the law and the facts, and a new trial of the derivative cause of action ordered as to the issue of damages only, unless, within 20 days after the service of a copy of the order to be entered hereon, the plaintiff, Rosemarie Pratt, shall stipulate to reduce the amount of the verdict in her favor to $9,000, in which event the judgment as so reduced, is affirmed, without costs. Mahoney, P. J., Kane, Staley, Jr., Larkin and Mikoll, JJ., concur.