■ Burlton T. Hyde et al., Respondents, v County of Rensselaer, Appellant, and Niagara Mohawk Power Corporation, Respondent, et al., Defendant.—Appeals (1) from a judgment of the Supreme Court, entered November 2, 1978 in Rensselaer County, upon a verdict rendered at Trial Term, in favor of plaintiff Burlton Hyde, and (2) from an order and judgment of the same court, entered November 13, 1978, dismissing the complaint against the defendant Niagara Mohawk Power Corporation. The infant plaintiff, then 17, was severely injured in an automobile accident on June 11, 1975 while he was riding as a passenger in a vehicle owned and operated by his brother, defendant Ronald J. Hyde. Plaintiff asserted that the incident occurred at a sharp curve on Rensselaer County Route 126 when the Hyde automobile was forced onto the shoulder of the highway by an unidentified vehicle approaching from the opposite direction in the wrong lane of traffic. Although Ronald endeavored to regain the roadway, the right rear door of his vehicle struck a power pole located approximately nine and one-half feet from the edge of the pavement. After proceeding a

few feet back toward the highway, the automobile became enmeshed in some old, rotted wooden guideposts connected with steel cable. This abrupt entanglement catapulted the vehicle over a steep embankment of some 60 degrees before it ultimately came to rest. The injuries sustained by the infant plaintiff as a result of the accident have rendered him a paraplegic. The jury accepted plaintiff's contentions and returned a verdict in his favor for $1,000,000, apportioning liability at 70% against the County of Rensselaer, 15% against the unidentified motorist, and 15% against the defendant Hyde. The trial court dismissed the complaint against the defendant Niagara Mohawk Power Corporation prior to submission of the case to the jury. This appeal by the county ensued. We agree with the trial court's decision that even if negligence on the part of Niagara Mohawk had been demonstrated, it was not the proximate cause of plaintiff's harm. Foresight would not reasonably suggest any danger in locating the subject pole so far from the edge of the highway, particularly since that distance nearly equaled the width of plaintiff's assigned lane of travel without resort to the shoulder (compare *Hayes v Malkan,* 26 NY2d 295, mot for rearg den 27 NY2d 737, with *Trabisco v City of New York,* 280 NY 776). In addition, it was the plunge down the embankment which injured plaintiff and initial contact with the pole simply delayed that occurrence for a brief period. We also reject the other grounds for reversal urged by the county on this appeal. Among them is a claim that the trial court committed error when it allowed the plaintiff to elicit proof of a 1973 accident at the same location through the testimony of a State trooper who investigated and reported that incident. In his complaint, the plaintiff had alleged notice to the county of a defective condition, but it was specifically denied by the county in its answer. It is plain from the record that the disputed testimony was proffered solely on the question of notice to the county and was limited in scope to that issue. As such, it contained no imputation of county responsibility for the event and was entirely proper (cf. *Harris v Village of East Hills,* 41 NY2d 446; *Tomassi v Town of Union,* 58 AD2d 670, mod on other grounds 46 NY2d 91). The county's objections to the charge of the court are not persuasive. While it was in many respects general and nonspecific on some issues, in its over-all impact it was sufficiently detailed to provide the jury with an adequate understanding of the law of negligence and how it related to the facts of this case. Lastly, in considering the severity of the injuries, the age and life expectancy of the plaintiff, and the supportive future costs to be incurred, we are not prepared to disagree with the trial court's conclusion that the verdict was not excessive. Judgments and order affirmed, with one bill of costs to plaintiffs and defendant Niagara Mohawk Power Corporation. Sweeney, J. P., Kane, Staley, Jr., Main and Herlihy, JJ., concur.