■ LLOYD T. RUSH, Individually and as Administrator of the Estate of BOBBIE J. RUSH, Deceased, and as Parent and Natural Guardian of DONNA RUSH, Formerly an Infant, et al., Respondents, v SEARS, ROEBUCK AND COMPANY, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiffs, entered January 4, 1982 in Albany County, upon a verdict rendered at Trial Term (Conway, J.). On April 29, 1973, a tent that had been sold by defendant in 1966 caught fire in the yard where it had been set up for the use and enjoyment of the neighborhood children. Alone in the tent when the fire started, Bobbie Jo Rush, a little girl then aged five, sustained third degree burns over 95% of her body, resulting in her death 15 days later. Her older sister, Donna Rush, a plaintiff herein, entered the tent in an attempt to rescue Bobbie Jo and suffered second and third degree burns over approximately 42% of her body, resulting in long and painful periods of hospitalization and treatment, skin grafting, debridement, permanently disfiguring scars and excruciating pain and suffering. The cause of the fire was never definitely determined. Opinions ranged from the improper use of a hibachi that was said to have been used inside for cooking and warming purposes, to the discovery of lighter fluid cans in the area after the fire. In any event, plaintiffs did not attempt to prove the cause of the fire but relied in theory on the failure of defendant to treat the tent with any kind of fire retardancy, knowing it would be used and occupied by persons for living and recreational purposes. After a trial, a jury awarded $300,000 to plaintiff Lloyd T. Rush, as administrator of the estate of Bobbie Jo, and $4,000,000 to Donna, who is now *sui juris,* as well as $12,265.35 for medical expenses incurred on behalf of both girls. There is no argument concerning the award for medical expenses. The excessiveness of the awards of $4,000,000 and $300,000 is the principal reason for reversal raised by defendant on this appeal. We hold that the award of $300,000 made to plaintiffs in the conscious pain and suffering action brought on behalf of Bobbie Jo is not excessive and should be sustained. In our opinion, such an award is not disproportionate to the community and judicial consensus of prior cases (see *Senko v Fonda,* 53 AD2d 638, 639) or shocking to the conscience of the court (*Petosa v City of New York,* 63 AD2d 1016, 1016-1017). Nor is there indication that passion, partiality, prejudice or some other improper motive led the jury astray (*Jennings v Van Schaick,* 13 Daly 7, 8-9) in awarding such amount on behalf of a five-year-old girl who received third degree burns over almost her entire body which caused her death 15 days later. Accordingly, the verdict of $300,000 to plaintiffs on behalf of Bobbie Jo should be sustained. As to the $4,000,000 award to Donna, however, we are of the view that it is excessive, and that the remarks of plaintiffs' counsel in his summation contributed to the excessiveness as discussed *ante*. Conceding and considering the nature and extent of the injuries received by Donna, the terrible pain and suffering, past, present and future, which attends those injuries, the hospitalization and treatments necessitated by such injuries, their permanency, their

disfigurement of a girl who was just entering puberty, and the psychological and emotional impact inflicted by such injuries, we are unable to sustain a verdict in the amount of $4,000,000. Despite the severity of her injuries, and in no way minimizing their gravity, Donna was able to return to school in September following the fire and was a student at the State University at Brockport studying computer science and math at the time of trial. She sings in her college choir and with several area dance bands. She was employed at Sherman's Amusement Park on Caroga Lake during the summer before trial. She is not bedridden, shut in, or in need of constant custodial care, or helpless. She is able to attend to her own needs and her mental faculties remain unimpaired. She is an active member of society and will be able to pursue gainful employment when she completes her education. In these circumstances, we are of the opinion that $1,500,000 would more realistically represent fair and just compensation for the injuries she sustained. This conclusion is reached with some consideration of the reduction of the award made by us in *Caprara v Chrysler Corp.* (71 AD2d 515, affd 52 NY2d 114), where a verdict of $3,600,000 in favor of a young man rendered a quadriplegic was reduced to $2,000,000. Furthermore, we find no authority in which similar injuries approximated an award of $4,000,000 (see Broder, Trial Tactics, Techniques, NYLJ, Feb. 10, 1983, p 1, col 1, and authorities cited therein). With respect to the issue of liability, defendant urges reversal on three grounds. It is first argued that the trial court should have declared a mistrial following the cross-examination of an employee of defendant who was called as the final witness. In the course of the interrogation, the attorney for the third-party defendant, Biltucci, asked the witness, "if Sears loses this case, they stand to lose a lot of money, don't they?" An objection to the question was overruled. When the question was repeated the witness answered. "We are insured". Without moving to strike the answer, defendant moved *in camera* for a mistrial. The motion was denied by the trial court because in the court's opinion the answer was inadvertently volunteered. Since that determination is supported by the record, and further because the other proof in the case clearly establishes the jury's finding of defendant's liability, the motion for a mistrial was appropriately denied (*Simpson v Foundation Co.*, 201 NY 479, 490; Richardson, Evidence [10th ed], § 169, pp 137-138). Next, defendant contends that error was committed when the trial court struck from the evidence a laboratory report and the testimony regarding it. The report was prepared by an employee (now deceased) of the Kellwood Company, which produces tents. Defendant's attorney asked a witness who was a chemist employed by Kellwood to interpret the report in order to show that recreational tents treated with fire resistant material were not readily saleable and thus fire resistant recreational tents were not within the state of the art at the time of this tent's purchase. A notation appeared in the report regarding the composition of the material, but the source of the notation was undisclosed. Accordingly, the report does not qualify as an exception to the hearsay rule, under records kept in the due course of business (*Matter of Leon RR*, 48 NY2d 117, 122-123), as properly found by the trial court. Finally, contrary to defendant's claim, plaintiffs' attorney's summation does not require reversal. Inasmuch as no objection was taken to the summation, this court may reverse only in the interests of justice (*Martin v City of Cohoes*, 37 NY2d 162, 165). Under this standard, the summation is not so prejudicial as to require unconditional reversal. Certain statements of plaintiffs' counsel on summation, however, may well have contributed to the verdict's excessiveness, especially the statement, repeated 12 times, that defendant, seated in its industrial "tower", selected a nonflame retardant fabric to save a trifling 5 cents a yard. Plaintiffs'

counsel also disclosed to the jury the amounts demanded by plaintiffs as damages in the complaint, which were the amounts that the jury awarded after only 63 minutes of deliberation. Such disclosure, however, was permissible and the Trial Judge promptly and properly instructed the jury not to use those figures in determining damages, but to reach a figure based on the evidence and the jury's judgment (*Tate v Colabello,* 58 NY2d 84, 87; *Rice v Ninacs,* 34 AD2d 388, 392). Although the comments of plaintiffs' counsel do not require unconditional reversal, we cannot say that the comments did not contribute in some degree to the excessiveness of the verdict (see *Kusisto v McLean,* 52 AD2d 674). Accordingly, the judgment should be modified by reversing so much thereof as awarded plaintiff Donna Rush $4,000,000 and a new trial ordered only with respect to the issue of the damages that were awarded to Donna Rush, unless within 20 days after service of a copy of the order to be entered herein, plaintiff Donna Rush shall stipulate to a reduction in the verdict in her favor from $4,000,000 to $1,500,000. Judgment modified, on the law and the facts, by reversing so much thereof as awarded plaintiff Donna Rush $4,000,000, and a new trial ordered only with respect to the issue of damages that were awarded plaintiff Donna Rush, unless, within 20 days after the service of a copy of the order to be entered herein, plaintiff Donna Rush shall stipulate to reduce the amount of the verdict in her favor to $1,500,000, in which event, the judgment, as so reduced, is affirmed, with costs to plaintiffs. Mahoney, P. J., Casey, Weiss and Levine, JJ., concur.

Sweeney, J., concurs in part and dissents in part in the following memorandum. Sweeney, J. (concurring in part and dissenting in part). I regret that I am unable to fully agree with the result reached by the majority. While my disagreement is a narrow one, it is, I believe, significant, necessitating a brief explanation. Where, as here, the court is to sustain the verdict on the issues of liability but concludes that the verdict is excessive and recommends a 62% reduction in the damages, I am of the view that the better procedure is to remand for retrial on the question of damages. To adopt the majority's method unfairly deprives plaintiff Donna Rush of her entitlement to a jury assessment of damages.