515 So.2d 1050 (1987)
Marie LAURENT, Appellant,
v.
UNIROYAL, INC., Appellee.
No. 86-3106.
District Court of Appeal of Florida, Third District.
November 24, 1987.
*1051 Friedman & Miller and Robert Miller, North Miami Beach, and Mark L. Siedle, Hollywood, for appellant.
Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane and Shelley H. Leinicke, Fort Lauderdale, for appellee.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
PER CURIAM.
In Marie Laurent's appeal from an adverse Final Judgment, she cites as error the trial court's refusal to permit the introduction of a rebuttal witness' testimony impeaching Uniroyal, Inc.'s expert witness and the trial court's exclusion of testimony as to what the vehicle owner would have done if Uniroyal had warned against mixing types of tires. We affirm.
First, we find no error in the trial court's exclusion of Laurent's rebuttal testimony which was cumulative in nature and should have been presented during Laurent's case-in-chief. See Thomas v. Lumbermens Mut. Casualty Co., 424 So.2d 36 (Fla. 3d DCA 1982); Reeder v. Edward M. Chadbourne, Inc., 338 So.2d 271 (Fla. 1st DCA 1976); Driscoll v. Morris, 114 So.2d 314 (Fla. 3d DCA 1959).
Second, we find no error because Laurent's accident expert testified that the failure to warn was a proximate cause of the accident, and since the proffered testimony was cumulative, its exclusion was harmless. See Thomas; Reeder. Furthermore, the record reflects that the cause of the accident was hotly disputed, that the jury considered many theories of the case, and that the issue of Uniroyal's failure to warn was properly before the jury. See Giddens v. Denman Rubber Mfg. Co., 440 So.2d 1320 (Fla. 5th DCA 1983). Finding no basis for reversal, see Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla. 1978); Gonzalez v. Leon, 511 So.2d 606 (Fla. 3d DCA 1987), we affirm.
Affirmed.