578 So.2d 294 (1991)
Tamekia Love DORVIL, a Minor, by and through Her Father, Jean Dorvil, and Jean Dorvil, Individually, Appellants,
v.
PUROLATOR COURIER CORP., a New York Corporation, and Cheryl Evette Triplett, Appellees.
Nos. 89-1172, 89-1457.
District Court of Appeal of Florida, Third District.
February 19, 1991.
Rehearing Denied May 1, 1991.
Cooper, Wolfe & Bolotin and Linda G. Katsin and Marc Cooper, Miami, for appellants.
Daniels & Hicks and Ralph O. Anderson and Patrice A. Talisman, Richard E. Hardwick, Miami, for appellees.
Before SCHWARTZ, C.J., and HUBBART and COPE, JJ.
PER CURIAM.
This is an appeal by the plaintiffs, Tamekia Love Dorvil, a minor, by and through her father, Jean Dorvil, and Jean Dorvil, individually, from a final judgment entered in their favor after a non-jury trial in a negligence action arising out of a motor vehicle-pedestrian accident. We reverse the final judgment only insofar as it awarded $55,000 in damages for the minor plaintiff Tamekia Love Dorvil and remand the cause to the trial court for a new trial on damages solely as to the said minor's orthopedic injuries. In our view, such an award, given the purchasing power of today's dollar, was a grossly inadequate amount for the severe, undisputed orthopedic injuries which the minor plaintiff suffered in this accident due to the defendant Cheryl Evette Triplett's conceded negligence. We reach this result based on the following undisputed facts in this case:
1. The minor plaintiff, a six-year-old girl, sustained fractures to her left forearm and right upper arm, as well as a fracture of her right leg which required the placement of a metal pin above the right knee to promote healing  all with accompanying severe pain and discomfort;
2. The minor plaintiff was hospitalized for over a month and a half, during which time she spent fifteen days in the intensive care unit and five days entirely unconscious, *295 was placed in traction with a full cast to her right leg, and suffered severe pain and discomfort;
3. The minor plaintiff's right leg is now three-quarters to one-inch shorter than her left leg as a result of the accident  a condition which is correctable (with an 80% chance of success) through an operative procedure which will require five-to-fourteen days of hospitalization, four weeks on crutches, and six months of post-operative physical therapy, all with accompanying pain and discomfort; and
4. The minor plaintiff was assigned a 10% permanent impairment rating to her right leg and a 4% permanent impairment rating for the body as a whole. See Anastasio v. Summersett, 217 So.2d 854 (Fla. 4th DCA 1969); Simpson v. Clay, 139 So.2d 494 (Fla. 2d DCA 1962); Stiso v. Piccarello, 120 A.D.2d 516, 501 N.Y.S.2d 715, 716 (1986); cf. Cardenas v. Miami-Dade Yellow Cab Co., 538 So.2d 491, 493 (Fla. 3d DCA), rev. dismissed, 549 So.2d 1013 (Fla. 1989); Pratt v. Susquehanna Valley Central School Dist., 62 A.D.2d 1118, 404 N.Y.S.2d 435, 437 (1978).
Moreover, we reject the defendants' contention that a motion for new trial attacking the adequacy of the damages was required in order to preserve this point for appellate review. Such a motion was entirely unnecessary in this non-jury case because (a) the trial court had already passed upon this issue when it awarded the inadequate damages herein, and (b) the plaintiffs are essentially attacking the sufficiency of the record evidence to support the award made. See Hall v. Wilson, 530 So.2d 410, 411 n. 1 (Fla. 3d DCA 1988); Fla.R.Civ.P. 1.530(e); see also Ex parte Kirkley, 418 So.2d 118 (Ala. 1982).
We agree, however, with the defendants as to the balance of the plaintiffs' contentions on appeal. Plainly, the trial court was entitled to find, based on conflicting evidence, that the minor plaintiff's cognitive deficits were not caused by the accident sued upon, as such deficits predated the subject accident. Beyond that, the trial court properly precluded the plaintiffs from calling a doctor as a rebuttal witness because the doctor's testimony did not constitute proper rebuttal and was, in any event, cumulative. See Laurent v. Uniroyal, Inc., 515 So.2d 1050, 1051 (Fla. 3d DCA 1987), rev. denied, 525 So.2d 879 (Fla. 1988); Dale v. Ford Motor Co., 409 So.2d 232, 234 (Fla. 1st DCA 1982); Driscoll v. Morris, 114 So.2d 314, 315 (Fla. 3d DCA 1959).
The final judgment as to the plaintiff Jean Dorvil, individually, is affirmed. The final judgment as to the minor plaintiff Tamekia Love Dorvil is affirmed as to the finding of liability and the rejection of any cognitive-deficit damages for the said plaintiff; this judgment, however, is reversed as to the award of damages for the minor plaintiff's orthopedic injuries and the cause is remanded to the trial court for a new trial on damages as to the minor plaintiff's orthopedic injuries.
Affirmed in part; reversed in part.