PETERSON, Judge.
Robert and Sheila Policari, plaintiffs in an automobile personal injury action, appeal a judgment for the defense. They contend that the trial court erred in denying their motion for mistrial. Their motion was made when it was learned that, on the day jury deliberations were to begin, all members of the jury except the alternate had seen a newspaper article which stated that the Poli-caris’ medical witness had been charged with criminal racketeering for insurance fraud. Specifically the articles related that the witness had altered patient records so that he could bill insurance companies for medical treatments never performed.
The trial court and counsel for the parties questioned the jurors individually prior to deliberations about what they had seen and whether the article would influence a decision in the case. It is apparent from the transcript that the court considered that at least two jurors were tainted by the newspaper article. He gave the defense the choice of which of the two would be replaced by the alternate and defense counsel selected the one he felt to have been most affected by the article. The trial court was reluctant to grant a mistrial after having devoted a week to try the ease in a “log-jammed” court system.
It is within the trial court’s discretion to grant a new trial on the ground that a jury has been tainted and its ruling should not be disturbed in the absence of a clear showing of abuse. Keith v. Russell T. Bundy & Associates, Inc., 495 So.2d 1223 (Fla. 5th DCA 1986).
A new trial may be required under some circumstances as a matter of public policy for the purpose of maintaining confidence in the integrity of jury trials, but such relief will ordinarily be denied where the act or conduct complained of, does not, in the opinion of the trial court, threaten the integrity of the jury or verdict or public confidence in trial by jury in any serious sense.
Snelling v. Florida East Coast Railway Co., 236 So.2d 465, 466 (Fla. 1st DCA 1970) (footnote omitted).
It is apparent that the trial court considered at least one of the remaining jurors to have been affected by the newspaper article even after the replacement with the alternate *999 juror. Although a cautionary instruction was given, there is no suggestion that it cured the problem. The order denying the post trial motion for a new trial included a candid finding, “[t]hat it is impossible for the Court to make a determination as to whether the newspaper article had an effect on the outcome of the trial....” We cannot affirm the judgment with that degree of doubt expressed by the trial court.
It is a basic premise that each of the parties are entitled to a fair trial. New trials have been allowed when it is suspected that a jury could have been contaminated by newspaper articles. See, e.g., Huffman v. Heagy, 159 So.2d 907 (Fla. 3d DCA), cert. denied, 166 So.2d 592 (Fla.1964).
The judgment is vacated and we remand for a new trial.
JUDGMENT VACATED; CAUSE REMANDED.
W. SHARP, and GOSHORN, JJ., concur.