PER CURIAM.
Luis Garcia, the plaintiff below, challenges the adequacy of the damages awarded in a final judgment following a bench trial. We reverse and remand for a new trial on damages.
Garcia sued Ronald Carter d/b/a Carter Construction Co. (“Carter”) for damages based on incomplete and defective construction and repairs on his home. Garcia’s claim totaled $17,822 after deducting the amount he would have owed Carter had the work been completed. After a bench trial, the trial court entered final judgment for Garcia in the amount of $4,279. The final judgment did not contain any findings of fact or analysis.[1]
We reverse and remand for a new trial on damages only. See Dorvil v. Purolator Courier Corp., 578 So.2d 294 (Fla. 3d DCA 1991) (holding that a motion for new trial challenging the adequacy of damage award is not required to preserve issue for review where plaintiffs essentially attacking sufficiency of evidence to support the award). The trial court’s failure to award any damages for new architectural plans was unsupported by the record; the evidence plaintiff adduced as to that item was unrebutted. See Smith v. Mark Coleman Construction, Inc., 594 So.2d 812 (Fla. 2d DCA 1992) (reversing inadequate damage award in non-jury trial for lack of substantial competent evidence to support amount awarded). Likewise, there is no record evidence to support the trial court’s fifty percent reduction of almost all the items claimed by plaintiff. Id. Accordingly, we remand this case to the trial court with *725 directions to hold a new trial solely on the issue of damages.
Reversed and remanded.

. Where, as here, the trial court makes no findings of fact, "the appellate court must determine whether, based on the record, the proper analysis would have produced the result reached by the trial court.” Town of Jupiter v. Alexander, 747 So.2d 395 (Fla. 4th DCA 1998); see also New Nautical Coatings, Inc. v. Scoggin, 731 So.2d 145 (Fla. 4th DCA 1999) ("Because the trial court made no specific findings of fact in the final judgment, this court must 'accept the facts to be those shown by that evidence most favorable’ to ... the prevailing party.”) (citation omitted).