PETER DE GELORM, Respondent, v. CHARLES PELC, Doing Business as TRAVELER's INN, Appellant.

County Court, Onondaga County, December 8, 1966.

*Costello, Cooney & Fearon* for appellant. *Alan J. Goldberg* for respondent.

ALBERT ORENSTEIN, J. This is an appeal by defendant from a judgment of the City Court of Syracuse in favor of the plaintiff entered on March 23, 1966, upon a jury verdict returned on March 21, 1966.

The action was instituted by the plaintiff to recover damages for personal injuries alleged to have been sustained solely as a result of the negligence of the defendant, who owned and operated a tavern in the City of Syracuse, New York.

At about 10 P.M. on April 24, 1965, the plaintiff entered the defendant's restaurant as a patron and joined his nephew, Nicholas De Gelorm, and his brother, James De Gelorm, who were then at the end of the bar located on the defendant's premises.

Shortly thereafter a disturbance occurred involving one Joseph Petta, who was being held by another patron who was threatening him with a beer bottle. The plaintiff described the man who attempted to strike Petta as one John Shuster. He was a patron since early evening. Nicholas De Gelorm went to where the disturbance occurred and took the beer bottle away

from the assailant. He then returned to rejoin the plaintiff and his brother.

Thereafter the plaintiff's brother left to go to the men's room. and in passing Shuster, a verbal exchange took place and Shuster struck him in the face and knocked him to the floor, bloodying his nose.

After this second incident involving Shuster, Shuster left the premises and returned a few minutes later with a man named Melnicki.

The defendant's father, Peter Pelc, was in charge of the premises that night during the defendant's absence. When he saw Melnicki and Shuster enter the tavern, he spoke to them about starting a fight or another argument. There was also a bartender on duty during all of the events leading to the time of plaintiff's injury.

Melnicki sat with Shuster at the bar and ordered drinks. A few minutes later Shuster pointed out the plaintiff's group to Melnicki. Melnicki then proceeded to James De Gelorm, asked him if he was '' Jim '', and a fight ensued. At the same time Shuster followed Melnicki, breaking bar glasses and swinging a bar stool. During the scuffle the plaintiff was thrown to the floor and suffered the injury for which he seeks damages.

It has been a well-settled rule that an innkeeper is not an insurer of the safety of his patrons, but is required to use reasonable care to prevent injury to his patrons or guests through the acts of third persons. (*Shank* v. *Riker Rest. Assoc.*, 28 Misc 2d 835, affd. 15 A D 2d 458; *Smith* v. *White Tower Mgt. Corp.*, 129 N. Y. S. 2d 545.)

He is not expected to anticipate the unusual, abnormal, or the sudden and unexpected. (*Burgess* v. *Garfield 49th St.*, 1 Misc 2d 60.) However, there was sufficient evidence presented by the plaintiff in this case which gave the defendant reasonable cause to anticipate assaultive acts by third persons, and the probability of injury resulting therefrom.

The defendant was under duty to use ordinary care to protect the patrons of his tavern from injuries from causes reasonably to be anticipated. In *Schubart* v. *Hotel Astor* (168 Misc. 431, 438, affd. 281 N. Y. 597) the court held that '' ' the ability to anticipate ' and ' the range of reasonable apprehension is at times a question for the court, and at times, if varying inferences are possible, a question for the jury.' (*Palsgraf* v. *Long Island R. Co.*, 248 N. Y. 339, 345.) '' (See, also, Restatement, Torts 2d, § 344.)

In *Shank* v. *Riker Rest. Assoc.* (*supra*) the proprietor of a restaurant was held liable for negligence in failing to take

reasonable care to prevent an assault on one of its patrons by an unidentified rowdy who created a disturbance in the restaurant for about 20 minutes prior to the assault. (See, also, *Molloy* v. *Coletti,* 114 Misc. 177.)

Whether the operator of a bowling center cocktail lounge was negligent with respect to injuries sustained by a patron as a result of an assault committed upon her by a third person in defendant's parking lot was held to be a jury question in *Taylor* v. *Centennial Bowl* (416 Pac. 2d 793 [Cal.]).

In the instant case there is proof that the patron Shuster had participated that night in two incidents involving the plaintiff's brother and nephew. Each of these incidents involved an argument or an assault. Shortly before the third incident, which resulted in the injury to the plaintiff, the defendant's father, in charge of the tavern, spoke to Shuster and Melnicki about causing further trouble.

The jury could logically conclude from this sequence of events that Shuster's assaultive nature constituted a menace to the plaintiff, and gave rise to a duty owed the plaintiff.

It was properly a question for the jury to determine from this proof as to whether or not the defendant should have anticipated or foreseen danger to the plaintiff, and thus incur a liability to protect him from such danger. (*Schubart* v. *Hotel Astor, supra.*)

The trial court, in its charge, properly submitted to the jury the question of defendant's negligence, and also the question of plaintiff's contributory negligence. These were triable issues of fact which were resolved by the jury's verdict. Judgment of the lower court is therefore affirmed.