■ ERECTO CORP., by ISADORE CHERNO, as Assignee, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 44666.) — STALEY, JR., J. Appeal by claimant from that part of a judgment entered July 20, 1967 upon a decision of the Court of Claims which dismissed the second cause of action alleged in the claim. The claimant, as assignee for the benefit of creditors of Erecto Corporation, filed its claim on December 16, 1964 wherein it alleged five causes of action arising out of a contract for the construction of traffic signs and sign structures on the Horace Harding Expressway. An award was made on two causes of action and two causes of action were withdrawn prior to trial. This appeal is from that part of the judgment of the Court of Claims which dismissed the second cause of action wherein claimant sought to recover the sum of $5,639.21 for engineering charges alleged to have been improperly deducted from the final payment due under the contract. The contract was awarded to Erecto Corporation on October 9, 1962. By its terms work was to be commenced within 10 days, and the contractor had the option of accepting the drawings prepared by the State, or submitting his own within 45 days after the awarding of the contract. The contract also permitted the use of aluminum as a substitute for steel for the construction of the sign structures. The work under the contract was to be completed by October 15, 1963. Erecto Corporation chose to use aluminum and, concededly, did not commence work within 10 days or submit drawings within 45 days after the awarding of the contract. Erecto Corporation submitted drawings on April 1, 1963. These were reviewed and returned on May 8, 1963 because they did not meet the contract specifications. Drawings were again submitted on July 10, 1963 which were revised by the State and returned in August, 1963. The drawings were revised by the contractor and submitted for the third time on October 11, 1963. These drawings were approved on October 31, 1963. On October 14, 1963 Erecto Corporation applied for an extension of the time to complete the work asserting the failure of a subcontractor to perform as the reason for the request. This application was granted, and the completion date was extended to January 31, 1964 with a provision, however, that from November 15, 1963 to the date of completion, the State would require engineering charges to be deducted from moneys due under the contract. On January 27, 1964 Erecto Corporation again requested an extension, this time on the ground of bad weather conditions. The request was granted, and the provision for deduction of engineering charges was continued on the ground that the contractor had not taken advantage of available good weather. On February 26, 1964 a third request was made for an extension on the assertion of bad weather conditions. This request was granted with the same provision as to deduction of engineering charges. The work under the contract was completed on April 22, 1964 and accepted by the State on May 13, 1964. The final estimate and final agreement were issued by the State on July 31, 1964 and in October, 1964 the State tendered a final check which represented the moneys computed to be due to the contractor, minus the sum of $5,639.21, which the State deducted for engineering charges. This check was returned by Erecto Corporation which thereafter filed its claim on December 16, 1964. The right of the State to deduct engineering charges from the final moneys due the contractor is provided by the contract when the work embraced in the contract is not completed on or before the specified date

therein. The claimant concedes that a one month extension from October 16, 1963 to November 15, 1963 was granted without imposition of engineering charges by reason of the default of the subcontractor. The record clearly indicates that the State properly imposed engineering charges by reason of delays. The contract was awarded on October 9, 1962 and provided for shop drawings to be submitted within 45 days. These drawings were first submitted on April 1, 1963. Had work been commenced on the drawings within a reasonable time after the award of the contract, they would have been approved earlier in the year of 1963 despite the necessity of the three submissions during the month of June, 1963. Thus the work could have been completed in good weather and delay due to bad weather avoided. The State could properly conclude that the delay in completing the contract was unwarranted and impose engineering charges as a condition for extensions. The claimant also contends that the State failed to prove, by a preponderance of the evidence, that the sum deducted actually represented the engineering and inspection expenses incurred by it. The only issues raised in the second cause of action alleged in the claim is whether the delays were without the fault of the claimant or whether the deduction of engineering charges was in violation of the contract. Nowhere in the claim is an issue raised as to the amount of the deduction made by the State. No issue having been raised, the claimant must be deemed to have admitted the accuracy of the amount deducted. In any event, the State, upon the trial, introduced in evidence a summary of the engineering charges deducted. This summary was prepared from a record of the days and hours and personnel used at the job site which the State requested its engineer to make and from other records of the State. This summary, as well as the records from which it was made, were records made in the regular course of business of the State and were properly admitted into evidence. (CPLR 4518, subd. [a].) This was the only evidence of the amount of the charges and it stands uncontradicted. It was, therefore, sufficient to establish the amount of the charges. Judgment affirmed, without costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.