■ JACK WERBER et al., Appellants, v CITY OF NEW YORK et al., Respondents. — Judgment, Supreme Court, New York County (Conway, J.), entered December 1, 1980, dismissing plaintiff's personal injury action after a jury trial, reversed, on the law, without costs, and the matter remanded for a new trial. Plaintiff, owner of a cash checking establishment, was the victim of an attempted robbery by two assailants. Carrying a revolver, for which he had a permit, plaintiff resisted the robbery and fired his gun, wounding one of the robbers. The defendant Robles, an off-duty police officer, casually dressed in civilian clothes, responded to the area on hearing the shot. He observed the robbers and the plaintiff engaged in an altercation. Attempting to shoot one of the robbers, who was trying to flee, the officer accidentally hit the plaintiff. Thereafter, the plaintiff and the officer confronted one another, each armed with a weapon and each believing the other to be a robber. There was an exchange of shots which ultimately resulted in the plaintiff being struck in the thigh by a bullet fired by the police officer. The central issue at the trial was whether the officer had made appropriate efforts to identify himself. He testified that he did and his testimony was confirmed by a passing bus driver who testified that he observed the officer with his shield in hand. The plaintiff testified that the officer did not exhibit a shield nor otherwise identify himself. His testimony was confirmed in part by two local businessmen who testified that during limited intervals of observation, neither of them observed a shield in the officer's hand nor heard him identify himself as an officer. As the defendants acknowledge with commendable candor, the trial court erred in permitting over objection the introduction into evidence of a police department report which stated the conclusion of the Firearms Discharge Review Board, consisting of five board members, several of them senior police officers, that the defendant police officer had "discharged firearm according to Department policy." We are not persuaded that this admitted error was harmless under the circumstances and, accordingly, reverse the judgment entered in favor of the defendants and remand for a new trial. In a case in which contradictory testimony was presented by credible witnesses as to whether the officer had appropriately identified himself, the erroneously admitted police department

report could well have been considered by the jury as an independent confirmation of the testimony offered by defendants on a critical factual issue. Concur — Murphy, P. J., Kupferman, Sandler, Markewich and Asch, JJ.