OPINION OF THE COURT
Daniel F. Luciano, J.
Ordered that this motion by the defendant, Phillip A. Ferdinando, Jr., doing business as Club Ferdinando Corp. and doing business as After Dark Lounge, for summary judgment dismissing the complaint is granted with respect to that portion of the first, second and ninth causes of action which are predicated on the alleged sale of alcoholic beverages to the defendants, Matthew Mazzilli and Mitchell Schipper, and *651 pursuant to section 11-101 of the General Obligations Law. In all other respects the motion for summary judgment is denied.
This is an action arising as a consequence of the stabbing death of the decedent, Christopher Shire, in the parking lot of the After Dark Lounge in Smithtown, New York, in the early morning hours of February 25, 1984. The defendant, Matthew Mazzilli, is presently incarcerated for the crime of manslaughter in the first degree for having stabbed to death the decedent, Christopher Shire, in the course of a fight in the said parking lot.
The defendant, Phillip A. Ferdinando, Jr., doing business as Club Ferdinando Corp. and doing business as After Dark Lounge, (hereinafter referred to as the defendant, Ferdinando), has moved for summary judgment dismissing the complaint on the grounds that the stabbing occurred outside the After Dark Lounge and that the said Matthew Mazzilli, who actually stabbed the decedent, Christopher Shire, was not a patron of the After Dark Lounge and had specifically been denied admittance thereto.
Although the papers before the court reveal that the defendants, Matthew Mazzilli and Mitchell Schipper, were not patrons at the After Dark Lounge on the night and early morning of February 24, 1984 and February 25, 1984 that does not necessarily absolve the moving defendant from liability in this action.
At his examination before trial the nonparty witness, Everett John McCarthy, an employee at the After Dark Lounge, testified that there were, prior to the night of the subject incident, fights in the parking lot "[l]ots of times”. He also testified that the defendant, Phillip A. Ferdinando, was aware of that fact. He stated, inter alia, "it happened three fights a night inside the club where we’d have to throw people outside. Like I say, once you get them out, the people out, they are riled up. You put two guys fighting out in the parking lot and their friends join in.” Further, he testified that crowds of people would "hang out” in the parking lot. In addition he indicated that the police had been summoned due to fights in the parking lot prior to the night of the subject incident.
In his testimony the defendant, Phillip A. Ferdinando, Jr., acknowledged that he was aware of fights in the parking lot prior to the night of the subject incident.
This testimony is sufficient to preclude an award of summary judgment as sought by the moving defendant since there *652 remains a triable issue as to the extent of the defendant’s, Ferdinando, liability.
As explained by the Appellate Division, Fourth Department, in Stevens v Kirby (86 AD2d 391, 394):
"A tavern owner owes a duty to his patrons to protect them from personal attack when he has reasonable cause to anticipate conduct on the part of third persons which is likely to endanger their safety (see Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 519; Taylor v Centennial Bowl, 65 Cal 2d 114; Restatement, Torts 2d, § 344; Prosser, Torts [4th ed], § 56, pp 348-350; see, also, De Gelorm v Pelc, 52 Misc 2d 336; Shank v Riker Rests. Assoc., 28 Misc 2d 835, affd 15 AD2d 458). The nature and scope of this duty is derived from the general concept of foreseeability: '[t]he risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation’ (Palsgraf v Long Is. R. R. Co., 248 NY 339, 344; see Havas v Victory Paper Stock Co., 49 NY2d 381, 385-386; Basso v Miller, 40 NY2d 233).
"Proof of prior disturbances at a tavern may be relevant on the issue of foreseeability. Such proof tends to establish that the owner has notice of danger to his patrons, the extent of the danger to be guarded against, and, thus, the nature of his duty (see Taylor v Centennial Bowl, supra, p 125). Whether the circumstances attending the earlier incidents are sufficiently similar to the relevant conditions prevailing at the time plaintiff was injured is to be determined by the issues presented in each case (see Kaplan v City of New York, 6 AD2d 489, 491), and this determination rests in the sound discretion of the Trial Judge (see Radosh v Shipstad, 20 NY2d 504, 508).
"The issue present in this case is whether it was foreseeable that plaintiff would be physically assaulted while on the tavern premises. Evidence of other prior incidents involving breaches of the peace would be admissible on this issue (see Gallagher v City of New York, 30 AD2d 688; Taylor v Centennial Bowl, supra, p 125). The jury could logically conclude from such proof that the assault in the parking lot was a significant foreseeable possibility which defendant had a duty to guard against and that the defendant failed in her obligation 'to take reasonable precautionary measures to minimize the risk and make the premises safe for the visiting public’ (Nallan v Helmsley-Spear, Inc., supra, p 520).”
The defendant, Ferdinando, has asserted that its responsibil *653 ities did not extend to the parking lot area in which the stabbing occurred since by the terms of its lease agreement it occupied and controlled only the interior premises at which the After Dark Lounge was located.
Paragraph "30th” of the subject lease agreement, however, states: "Included in the present rent is permission to use all parking facilities of said building”. Plainly this was a benefit to the business at the After Dark Lounge.
Although the parking lot remained a common area available for use of others besides the After Dark Lounge and its patrons that status does not necessarily relieve the defendant, Ferdinando, of liability for injuries to patrons of the After Dark Lounge in the parking lot due to conditions which could have been avoided by due care.
Such a duty on the part of a tenant is illustrated in Restatement (Second) of Torts § 360, comment a, illustration 1 as follows: "A leases an office in an office building to B, an attorney. C, a client of B, and D, coming to pay B a social visit, are injured by the fall of the elevator while on their way up to B’s office. B knows that the elevator is in dangerous condition because of A’s negligence in failing to repair it, but B does nothing to warn C or D. A is subject to liability to both C and D.”
Thus, when this principle is viewed in combination with the duty of tavern owners as summarized in Stevens v Kirby (supra), it is clear that the facts as revealed herein do not warrant summary judgment in favor of the defendant, Ferdinando, dismissing the complaint.
The motion for summary judgment is denied.