(November 14, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERRIS CLARKE, Appellant.—Judgment, Supreme Court, New York County (Irving Lang, J.), rendered May 20, 1987, convicting defendant after jury trial of grand larceny in the fourth degree (Penal Law § 155.30) and sentencing him to a term of 1¾ to 3½ years' imprisonment, unanimously affirmed.

On the afternoon of January 24, 1987, the defendant stole Ada Kleiman's purse from her lap while she sat with her daughter Orna inside a subway car stopped at West 49th Street in Manhattan. Kleiman's screams alerted Felix Padilla, who chased defendant to another subway station at West 59th Street and Broadway without losing sight of him. Padilla confronted defendant and demanded the return of Kleiman's purse and defendant gave it to him. Padilla returned the purse to Kleiman on the street and led two police officers to the subway platform, where the defendant was arrested. As he was seized by the officers, the defendant blurted out "I was hungry and I need money". Defendant was identified as the thief by Orna Kleiman and Mr. Padilla, and their testimony was confirmed in part by the testimony of a subway token clerk who observed the defendant go under a turnstile and, after being approached by Padilla, open his jacket and give something to Padilla. Although the token clerk was unable to identify defendant at trial, she did testify that the man who gave Padilla something from his jacket was the man who was arrested by the police, and that man could only have been the defendant.

Defendant's main contention is that the trial court improperly denied him permission to call as a witness an investigating detective who interviewed Ada Kleiman by telephone several hours after the incident and had made a written report that Ms. Kleiman had stated "I was approached by a male Hispanic who found my pocketbook". When Ms. Kleiman was questioned by defense counsel regarding what she had purportedly said to the investigating detective, she testified "I don't remember my exact words. Maybe I said so. * * * I don't remember what I said". Since Ada Kleiman conceded that she might have told the detective that a Hispanic man (Padilla) had "found" her pocketbook, the detective's testimony on that point would have been merely cumulative, and therefore the trial court did not abuse its discretion when it denied defense counsel permission to call the investigating detective to testify regarding the recorded statement. (See, People v Davis, 43 NY2d 17, 27; Radosh v Shipstad, 20 NY2d 504, 508.) Even if it was error to preclude the detective's testimony, the error was harmless in view of the overwhelming evidence of defendant's guilt (People v Crimmins, 36 NY2d 230, 240-241). We have examined the defendant's other contentions going to the reliability of the witnesses' testimony and find them to be without merit. Concur—Murphy, P. J., Ross, Ellerin, Smith and Rubin, JJ.