12-4278-cv
Gray v. Denny's Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT=S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION ASUMMARY ORDER@). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of September, two thousand thirteen.

PRESENT: REENA RAGGI,
                GERARD E. LYNCH,
                RAYMOND J. LOHIER, JR.,
                        *Circuit Judges.*

-----------------------------------------------------------------------
KELLY GRAY,

                        *Plaintiff-Appellant*,


                v.                                      No. 12-4278-cv


DENNY'S CORPORATION, DENNY'S INC., DENNY'S HOLDINGS, INC.,
                        *Defendants-Cross-Claimants-*
                        *Appellees*,


SUZANA GONCALVES, SAMANTHA WINSLOW, MARISA GONZALES, ANGELINE GUASTELLA, ROBERT NICHOLSON, MARISA HUSEIN,
                        *D e f e n d a n t s - C r o s s -*
                        *Defendants*.*

-----------------------------------------------------------------------
APPEARING FOR APPELLANT:        LEONARD F. LESSER, Simon Lesser PC, New York, New York.

---

* The Clerk of Court is directed to amend the official caption as shown above.

APPEARING FOR APPELLEES:      TIMOTHY   E. SHANLEY, LeClairRyan, New York, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Neal P. McCurn, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 27, 2012, is VACATED and the case is REMANDED.

Plaintiff Kelly Gray appeals from an award of summary judgment in favor of defendants Denny's Corporation, Denny's Inc., and Denny's Holdings, Inc. (collectively, "Denny's"), on her negligence claims for damages sustained during a late-night altercation at one of defendants' Syracuse restaurants. We review an award of summary judgment <u>de novo</u>, resolving all ambiguities and drawing all inferences in favor of the nonmovant, and we will affirm only if the record reveals no genuine dispute of material fact. <u>See</u> Fed. R. Civ. P. 56(a); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247–48 (1986); <u>Nagle v. Marron</u>, 663 F.3d 100, 104–05 (2d Cir. 2011). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only as necessary to explain our decision to vacate.

"Under New York law, the elements of a negligence claim are: (i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach." <u>Lombard v. Booz-Allen & Hamilton, Inc.</u>, 280 F.3d 209, 215 (2d Cir. 2002). On an independent review of the record, we conclude that Gray has raised triable issues of fact on each element, precluding summary judgment.

1.     <u>Duty</u>

To survive summary judgment on the issue of duty, Gray had to adduce evidence suggesting that the criminal assault here at issue was foreseeable to Denny's. <u>See</u> Lee S. Kreindler <u>et al.</u>, 15 N.Y. Practice Series, N.Y. Law of Torts § 12:38 (2013) ("A restaurant owner, as a landowner, has a duty to make the premises reasonably safe for persons on the property.  Accordingly, a restaurant owner must take appropriate measures to protect persons on the premises from foreseeable criminal acts of third persons.").  Evidence of prior criminal acts sufficiently similar to the instant act can demonstrate foreseeability. <u>See, e.g.</u>, <u>Maysonet v. KFC, Nat'l Mgmt. Co.</u>, 906 F.2d 929, 931 (2d Cir. 1990); <u>Jacqueline S. v. City of New York</u>, 81 N.Y.2d 288, 295, 598 N.Y.S.2d 160, 163 (1993).

Here, Gray adduced evidence that she was physically assaulted by a group of loud and profane customers whom she asked to be quiet after Denny's employees ignored her requests that they do so.  Gray adduced testimonial evidence that the events at issue occurred during the so called "bar rush" that followed the closing of local bars, a time when customers coming to Denny's were frequently loud and profane.  <u>See</u> Pl.'s Rule 56.1 Statement ¶ 57(c), (e).  Gray further adduced evidence that Denny's internal policies recognized profane language as "work place violence."  She also submitted police reports of work place violence involving actual physical assaults occurring in the year preceding her assault.  Denny's submits that such records cannot defeat summary judgment because they are inadmissible hearsay.  The argument fails because Gray did not offer the reports

3

"for the truth of the matter asserted, but merely to show that the defendant was on notice of a danger" of customer assaults. George v. Celotex Corp., 914 F.2d 26, 30 (2d Cir. 1990).

Denny's argument that the prior assaults were insufficiently similar to the one here at issue overstates the level of similarity required to raise a triable question of foreseeability. Whether circumstances attending earlier incidents "are sufficiently similar to the relevant conditions prevailing at the time plaintiff was injured is to be determined by the issues presented in each case." Stevens v. Kirby, 86 A.D.2d 391, 394, 450 N.Y.S.2d 607, 610 (4th Dep't 1982) (discussing foreseeability); see Williams v. Utica Coll. of Syracuse Univ., 453 F.3d 112, 118 (2d Cir. 2006) (holding it error to "insist that a landlord be exposed to a crime that unfolds in precisely the same fashion in order to be forewarned of danger"). This is not a case in which Gray adduced no, or only one, instance of customer assault. See Kazanoff v. United States, 945 F.2d 32, 39 (2d Cir. 1991) (holding evidence of one possible burglary before incident at issue insufficient to demonstrate prior criminal activity); Davis v. City of New York, 183 A.D.2d 683, 683, 584 N.Y.S.2d 64, 64 (1st Dep't 1992) (holding that defendant had no duty where "[t]here was no evidence of a pattern of criminal activity or of even one similar incident involving different patrons"). Nor is it a case in which the prior assaults were so different in type or degree that no reasonable owner could have foreseen the assault in the instant case. See Maheshwari v. City of New York, 2 N.Y.3d 288, 294–95, 778 N.Y.S.2d 442, 445–46

4

(2004) (contrasting past incidents of disorderly conduct, misdemeanor assault, criminal mischief, and resisting arrest with "brutal attack" at issue, and holding that such assault was not foreseeable or "predicatable result" of large crowds). Rather, it is a case in which Denny's knew that bar rush customers were frequently loud and profane, viewed such conduct as work place violence, and knew that on at least five reported occasions, bar rush customers had become so disruptive that police were dispatched to the restaurant. At least two of those incidents involved physical violence.

Moreover, Gray points to evidence that Denny's itself believed that boisterous customers presented a danger of violence to which its employees needed to respond in order to provide a safe environment for its workers and customers. For example, Gray adduced Denny's training materials on work place violence prevention that characterized "disruptive" guests as the largest category of "work place violence" incidents, App. 181, and identified training and staff mangers "to recognize and deal with disruptive guests" as significant factors in reducing work place violence, id. at 201. Gray also notes that Denny's has adopted specific policies that instruct personnel about dealing with "disruptive guests," which characterize "loud profanity" as one of the markers of that category of patron. Id. at 447. Gray further points to internal Power Point presentations created by Denny's in 2007 indicating that Denny's (1) foresaw increases in work place violence, including assaults between guests during the late night weekend bar rush period; (2) undertook a cost-benefit analysis comparing the loss of revenue from late-night

5

restaurant closures to the costs of lawsuits stemming from work place violence; and (3) considered both additional work-place violence prevention training for its employees and hiring security guards.

We conclude that this showing was sufficient to raise triable disputes of fact as to foreseeability and duty. See Williams v. Utica Coll. of Syracuse Univ., 453 F.3d at 117–18 (construing New York precedent "to indicate that even a few past incidents spaced over a few years may, in appropriate circumstances, be enough to allow a reasonable jury to conclude that the relevant criminal activity was foreseeable"); Nallan v. Helmsley-Spear, Inc., 50 N.Y.2d 507, 519–20, 429 N.Y.S.2d 606, 613–14 (1980) (concluding that rational jury could find from history of criminal activity in other parts of building that criminal incident in the lobby was "significant, foreseeable possibility"); Stevens v. Kirby, 86 A.D.2d at 394, 450 N.Y.S.2d at 610 (holding that jury could conclude from "prior incidents involving breaches of the peace . . . that the assault in the parking lot was a significant foreseeable possibility which defendant had a duty to guard against").[1]

2.    Breach

"[T]he owner of a public establishment has a duty to act reasonably to control third persons so as to prevent harm to its patrons." Ash v. Fern, 295 A.D.2d 869, 870, 744

---

[1] Because Gray has adduced evidence of past criminal assaults, we need not address Denny's arguments that cursing or profanity, by itself, would be insufficient to put Denny's on notice of possible physical assault.

N.Y.S.2d 559, 560 (3d Dep't 2002) (internal quotation marks omitted). Gray contends that Denny's breached this duty by not interceding to halt her future assailants' loud and profane conduct as required by its own Policy and Procedure Manual, and by failing to create and implement a Workplace Violence Management Program for its employees. In support, Gray submitted evidence that customers, including her future assailants at Tables 5 and 6, were loud and profane; that Denny's policy manual requires managers to ask disruptive guests to act properly and, if necessary, to leave the restaurant; and that Gray asked her server to tell the rowdy customers to quiet down, but that neither her server nor any other Denny's employee took any action. Crediting this account, as we must on review of a summary judgment award, we conclude that Gray has raised a triable issue of fact as to whether Denny's breached its duty by failing to quiet the customers at Tables 5 and 6, which failure resulted in Gray's approaching the table herself. We do not suggest that, as a matter of law, restaurant staff have a duty to take action whenever one patron complains that another is behaving rudely or boisterously, and that the failure to take action to quiet or expel diners that others find loud or offensive breaches the duty to provide a safe environment for guests. We hold only that, on this record, a reasonable juror could find that Denny's was aware of particular risks caused by disruptive customers, and failed to take action to reduce those risks.

3.   Causation

     Denny's argues, and the district court found, that even if Denny's breached its

7

duty, Gray's own conduct constituted an intervening act that breaks the chain of causation and absolves Denny's of liability. See Appellees' Br. 21 (arguing that "it is clear from the evidence the incident does not happen unless [Gray] confronts the customers at tables 5 and 6"). We do not agree.

Under New York law, "where the plaintiff's intervening actions are not a normal and foreseeable consequence of the defendant's conduct, the plaintiff's conduct becomes a superseding cause which absolves the defendant of liability." Caraballo v. United States, 830 F.2d 19, 22 (2d Cir. 1987). "An intervening act will be deemed a superseding cause and will serve to relieve defendant of liability when the act is of such an extraordinary nature or so attenuates defendant's negligence from the ultimate injury that responsibility for the injury may not be reasonably attributed to the defendant." Kush v. City of Buffalo, 59 N.Y.2d 26, 33, 462 N.Y.S.2d 831, 835 (1983); see Henry-Lee v. City of New York, 746 F. Supp. 2d 546, 571 (S.D.N.Y. 2010) (stating that plaintiff's own conduct will constitute intervening cause when it "demonstrate[s] a lack of reasonable regard for his own safety" (internal quotation marks omitted)).

Here, we cannot conclude as a matter of law that Gray's actions in asking a group of fellow customers to quiet down was not a normal and foreseeable consequence of Denny's failure to act on her request that an employee do so. Indeed, if Gray's version of events is credited, then her conduct evokes the precise risk contemplated by the scope of Denny's duty of care. See Derdiarian v. Felix Contracting Corp., 51 N.Y.2d 308, 315,

8

434 N.Y.S.2d 166, 169 (1980) ("An intervening act may not serve as a superseding cause, and relieve an actor of responsibility, where the risk of the intervening act occurring is the very same risk which renders the actor negligent."); see also McKinnon v. Bell Sec., 268 A.D.2d 220, 221, 700 N.Y.S.2d 469, 471 (1st Dep't 2000) (holding it not unforeseeable as matter of law that plaintiff would approach suspect after security guard inexplicably released him). Thus, a fact question arises as to whether Gray's conduct is an intervening act that breaks the chain of causation.

We do not predict how a factfinder will resolve this and the other factual disputes between the parties. We conclude only that Gray has presented enough evidence to preclude awarding judgment to defendants as a matter of law. Accordingly, we VACATE the district court's award of summary judgment and REMAND the case for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

9